UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                             **ORDER**
                                                      20-CR-36-A

DAJON WOODS,

                                    Defendant.

---

        The defendant, Dajon Woods, who is charged in an Indictment with serious narcotics-trafficking offenses, appeals the denial of a motion for pretrial release by Magistrate Judge Michael J. Roemer.  Defendant Woods' argues pursuant to 18 U.S.C. § 3145 that posting his mother's residence as security for his pretrial release, which she owns free and clear of any liens, will adequately assure his appearances as required and the safety of the community.  The Court assumes the familiarity of the parties with the prior proceedings before the Magistrate Judge and the issues before the Court on appeal.

        For the reasons stated by Magistrate Judge Roemer, Dkt. No. 35, and the additional reasons that follow, the Court denies defendant Woods' appeal.  The Court finds that the defendant has not overcome the statutory presumptions at 18 U.S.C. § 3142(e)(3) that no conditions or combination of conditions of release will reasonably assure the appearance of the defendant and safety of the community that arise from the serious narcotics-trafficking offenses that are alleged in the Indictment against him.  During the last approximately 11 years, it appears the defendant has sustained three felony convictions and two firearms arrests.  During that period, the defendant has had

1

three rearrests while under supervision; two prior probation violations; at least one bench warrant; an arrest for unlawfully fleeing a police officer in a motor vehicle; a conviction for attempted assault of an officer; and, an extensive history of substance abuse. Considering this record and the serious charges that the defendant faces, the Court finds the defendant's mother's residence is not sufficient security for his pretrial release. Unfortunately, the defendant's record shows he is unlikely to abide by any available condition or combination of conditions of release that can be set by the Court.

Defendant Woods faces a mandatory-minimum sentence of five years imprisonment if convicted of the alleged conspiracy to distribute 28 grams or more of cocaine base with which he is charged, and it appears that the evidence against him, which includes an undercover sale of cocaine base and heroin, is strong. Under these circumstances, the defendant has a correspondingly strong incentive to flee, and although his counsel correctly points out that it would be foolish for the defendant to flee, his past record and history of substance abuse give the Court no reason to find the defendant will behave rationally if he is granted pretrial released.

Moreover, even if the Court were to require stringent electronic monitoring of defendant Woods and home incarceration in his mother's residence (which the defendant has not proposed), it remains feasible for him to attempt to earn money by illegally distributing controlled substances. The § 3142(e)(3) presumptions were adopted because "[i]t is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing and distributing dangerous drugs, and thus, because of the nature of the criminal activity with which

Case 1:20-cr-00036-RJA-MJR   Document 48   Filed 07/01/20   Page 3 of 3

3

they are charged, they pose a significant risk of pretrial recidivism." S.Rep. No. 225, 98th Cong., 2d Sess. 20, reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3203.  The defendant has not shown that home incarceration in his mother's residence while subject to electronic monitoring, and upon pain of her forfeiture of the residence, reasonably will mitigate the particular risk of pretrial recidivism that he poses.  For these reasons, and for the reasons stated by the Magistrate Judge, *see* Dkt. No. 35, the defendant's appeal of the denial of his motion for pretrial release, Dkt. No. 36, is denied.

  **IT IS SO ORDERED.**

              ___*s/Richard J. Arcara*_____
              HONORABLE RICHARD J. ARCARA
              UNITED STATES DISTRICT COURT

Dated:  July 1, 2020